IN THE SUPREME COURT OF NORTH CAROLINA

 2021-NCSC-111

 No. 83A21

 Filed 24 September 2021

 IN THE MATTER OF: M.R.F.

 Appeal pursuant to N.C.G.S. § 7B-1001(a1)(1) from an order entered on 3

 November 2020 by Judge Mack Brittain in District Court, Transylvania County. This

 matter was calendared for argument in the Supreme Court on 19 August 2021 but

 determined on the record and briefs without oral argument pursuant to Rule 30(f) of

 the North Carolina Rules of Appellate Procedure.

 Donald H. Barton for petitioner-appellee.

 No brief for appellee Guardian ad Litem.

 Anné C. Wright for respondent-appellant father.

 MORGAN, Justice.

¶1 Respondent-father appeals from the trial court’s order terminating his

 parental rights to “Margot,”1 a minor child born in May 2014. The order also

 terminated the parental rights of Margot’s mother, but she is not a party to this

 appeal. We reverse the trial court’s order as to respondent-father.

 I. Factual and Procedural Background

 1 We use a pseudonym to protect the juvenile’s identity and for ease of reading.
 IN RE M.R.F.

 2021-NCSC-111

 Opinion of the Court

¶2 Petitioner is Margot’s maternal grandmother. On 30 October 2019, petitioner

 filed a petition to terminate the parental rights of both of Margot’s parents. As the

 statutory grounds for termination, petitioner alleged the following: respondents

 willfully left Margot in a placement outside the home for more than twelve months

 without making reasonable progress to correct the conditions leading to Margot’s

 removal, see N.C.G.S. § 7B-1111(a)(2) (2019); respondents “willfully failed without

 justification to pay for the care, support and education of the minor child in violation

 of N.C.G.S. [§] 7B-1111(a)(4)”; and respondent-father “has not undertaken any of

 those actions required of him” to legitimate the child under N.C.G.S. § 7B-1111(a)(5).

 Respondent-father was served with the petition and with an alias and pluries

 summons on 31 January 2020. On 19 February 2020, respondent-father filed a

 verified answer denying many of the allegations in the petition.

¶3 The trial court held a hearing on the petition on 14 October 2020. Petitioner

 testified and introduced a copy of Margot’s birth certificate. Respondent-father did

 not call any witnesses at the hearing but presented federal court records reflecting

 his incarceration in federal prison.

¶4 In its “Order Terminating Parental Rights” entered on 3 November 2020, the

 trial court concluded that grounds existed to terminate respondent-father’s parental
 IN RE M.R.F.

 2021-NCSC-111

 Opinion of the Court

 rights pursuant to N.C.G.S. § 7B-1111(a)(2), (4), and (5).2 The trial court further

 concluded that it was in Margot’s best interests that respondent-father’s parental

 rights be terminated. See N.C.G.S. § 7B-1110(a) (2019). Respondent-father filed

 timely notice of appeal from the termination of parental rights order.

 II. Arguments on Appeal

¶5 On appeal, respondent-father contends that the trial court erred by failing to

 state the standard of proof that it applied in finding the facts to support the trial

 court’s adjudication of grounds for terminating respondent-father’s parental rights

 under N.C.G.S. § 7B-1111(a)(2), (4)–(5). See N.C.G.S. § 7B-1109(f) (2019) (“[A]ll

 findings of fact shall be based on clear, cogent, and convincing evidence.”). He further

 claims that petitioner’s evidence and the trial court’s findings of fact are insufficient

 to establish any of the three adjudicated grounds for termination. We agree with

 respondent-father’s assertions on all points and reverse the termination of parental

 2 The trial court announced at the hearing that it was “not going to find the third

 ground as to [respondent-father] regarding legitimization, since [respondent-father] is listed
 on the birth certificate.” In its order, however, the trial court concluded that grounds existed
 to terminate the parental rights of respondent-father pursuant to N.C.G.S. § 7B-1111(a)(5).
 Generally, where a trial court’s ruling rendered in open court is inconsistent with its written
 order, the written order controls. See generally In re A.U.D., 373 N.C. 3, 9–10 (2019) (“[A]
 trial court’s oral findings are subject to change before the final written order is entered.”).
 In their briefs, the parties agree that the trial court found that petitioner had failed
 to prove grounds for terminating respondent-father’s parental rights under N.C.G.S. § 7B-
 1111(a)(5). However, respondent-father also challenges the adjudication under N.C.G.S. §
 7B-1111(a)(5) included in the written order as unsupported by the trial court’s findings of
 fact or petitioner’s evidence. In viewing the written order as controlling, we review
 respondent-father’s argument contesting the trial court’s adjudication under N.C.G.S. § 7B-
 1111(a)(5).
 IN RE M.R.F.

 2021-NCSC-111

 Opinion of the Court

 rights order.

¶6 A proceeding for the termination of parental rights consists of

 two stages, beginning with an adjudicatory determination.
 At the adjudicatory stage, the petitioner bears the burden
 of proving by clear, cogent, and convincing evidence the
 existence of one or more grounds for termination under
 section 7B-1111(a) of the General Statutes. If a trial court
 finds one or more grounds to terminate parental rights
 under N.C.G.S. § 7B-1111(a), it then proceeds to the
 dispositional stage at which it determines whether
 terminating the parent’s rights is in the juvenile’s best
 interest.

 In re K.C.T., 375 N.C. 592, 595 (2020) (extraneity omitted).

¶7 Respondent-father confines his appeal to the trial court’s ruling on

 adjudication. “We review a [trial] court’s adjudication ‘to determine whether the

 findings are supported by clear, cogent and convincing evidence and the findings

 support the conclusions of law.’ ” In re N.P., 374 N.C. 61, 62–63 (2020) (quoting In re

 Montgomery, 311 N.C. 101, 111 (1984)). “[T]he issue of whether a trial court’s

 adjudicatory findings of fact support its conclusion of law that grounds existed to

 terminate parental rights pursuant to N.C.G.S. § 7B-1111(a)” is reviewed de novo by

 the appellate court. In re T.M.L., 377 N.C. 369, 2021-NCSC-55, ¶ 15. “Under a de

 novo review, the court considers the matter anew and freely substitutes its own

 judgment for that of the [trial court].” Id. (alteration in original) (quoting In re

 C.V.D.C., 374 N.C. 525, 530 (2020)).
 IN RE M.R.F.

 2021-NCSC-111

 Opinion of the Court

 A. Standard of Proof

¶8 As respondent-father notes, “[t]he trial court’s order fails to identify” the

 standard of proof under which the trial court made adjudicatory findings of fact. He

 contends that the trial court’s order “must be vacated” as a result of this omission.

¶9 Section 7B-1109 establishes the requirements of an adjudicatory hearing in a

 termination of parental rights proceeding and provides that “[t]he burden in such

 proceedings shall be upon the petitioner or movant and all findings of fact shall be

 based on clear, cogent, and convincing evidence.” N.C.G.S. § 7B-1109(f). Although

 subsection 7B-1109(f) “merely specifies a particular standard of proof in termination-

 of-parental-rights proceedings,” In re B.L.H., 376 N.C. 118, 123 (2020), this Court has

 held that the statute “implicitly requires a trial court to announce the standard of

 proof which they are applying on the record in a termination-of-parental-rights

 hearing. To hold otherwise would make the provision effectively unenforceable and

 would defeat the purposes of the statutory scheme,” id. at 126; see also N.C.G.S. § 7B-

 1109(e) (requiring trial court to “take evidence, find the facts, and . . . adjudicate the

 existence or nonexistence of any of the circumstances set forth in G.S. 7B-1111 which

 authorize the termination of parental rights of the respondent” (emphasis added)).

¶ 10 Contrary to respondent-father’s argument on appeal, “the trial court satisfies

 the announcement requirement of N.C.G.S. § 7B-1109(f) so long as it announces the

 ‘clear, cogent, and convincing’ standard of proof either in making findings of fact in
 IN RE M.R.F.

 2021-NCSC-111

 Opinion of the Court

 the written termination order or in making such findings in open court.” In re B.L.H.,

 376 N.C. at 126 (“This rule ensures our appellate courts can determine whether the

 correct standard of proof was applied from the record on appeal without an undue

 formalism not reflected in the statutory language.”). In the present case, however,

 the trial court failed to announce the standard of proof for its adjudicatory findings

 either in open court or in its written order. Therefore, the trial court failed to comply

 with the statutory mandate.

¶ 11 Petitioner concedes that the trial court failed to articulate the applicable

 standard of proof but insists that “there was overwhelming evidence leading to the

 entitlement of [petitioner] to an order terminating parental rights and that the

 evidence obviously met the clear and convincing standard.” Petitioner argues that a

 remand of this case to the trial court merely to have the tribunal announce the “clear,

 cogent, and convincing” evidentiary standard of N.C.G.S. § 7B-1109(f) will have no

 effect on the ultimate outcome of the case. As elucidated at length hereafter, we are

 not persuaded by petitioner’s argument.

¶ 12 When the record reflects that “there was competent evidence before the trial

 court to support a finding that any of the [adjudicated] statutory grounds existed for

 termination of parental rights[,]” the appropriate remedy for the trial court’s

 noncompliance with N.C.G.S. § 7B-1109(f) is to vacate the trial court’s order and to

 remand the case for the entry of new findings of fact and conclusions of law based on
 IN RE M.R.F.

 2021-NCSC-111

 Opinion of the Court

 the clear, cogent, and convincing evidence standard. In re Church, 136 N.C. App. 654,

 658 (2000) (“[T]he case must be remanded for the trial court to determine whether

 the evidence satisfies the required standard of proof . . . .”). A review of the record in

 the instant case, however, shows that petitioner failed to adduce sufficient evidence

 to sustain any of the alleged grounds for terminating respondent-father’s parental

 rights. In light of not only the failure of the trial court to announce the standard of

 proof which it was applying to its findings of fact but also due to petitioner’s failure

 to present sufficient evidence to support any of the alleged grounds for the

 termination of the parental rights of respondent-father, we are compelled to simply,

 without remand, reverse the trial court’s order. See Arnold v. Ray Charles Enters.,

 Inc., 264 N.C. 92, 99 (1965) (“To remand this case for further findings, however, when

 defendants, the parties upon whom rests the burden of proof here, have failed to offer

 any evidence bearing upon the point, would be futile.”); Cnty. of Durham v. Hodges,

 257 N.C. App. 288, 298 (2018) (“Since there is no evidence to support the required

 findings of fact, we need not remand for additional findings of fact. Instead, we

 reverse . . . .”).

 B. Adjudication under N.C.G.S. § 7B-1111(a)(2)

¶ 13 Respondent-father argues that the trial court erred in adjudicating grounds for

 terminating his parental rights pursuant to N.C.G.S. § 7B-1111(a)(2). He asserts that

 the trial court’s adjudication lacks “indispensable supporting findings of fact.”
 IN RE M.R.F.

 2021-NCSC-111

 Opinion of the Court

 Respondent-father further contends that crucial findings of fact entered by the trial

 court are unsupported by the evidence.

¶ 14 An adjudication under N.C.G.S. § 7B-1111(a)(2)

 requires the trial court to perform a two-step analysis
 where it must determine by clear, cogent, and convincing
 evidence whether (1) a child has been willfully left by the
 parent in foster care or placement outside the home for over
 twelve months, and (2) the parent has not made reasonable
 progress under the circumstances to correct the conditions
 which led to the removal of the child. Under the first step,
 the twelve-month period begins when a child is left in
 foster care or placement outside the home pursuant to a
 court order, and ends when the motion or petition for
 termination of parental rights is filed. Where the twelve-
 month threshold does not expire before the motion or
 petition is filed, a termination on the basis of N.C.G.S.
 § 7B-1111(a)(2) cannot be sustained.

 In re K.H., 375 N.C. 610, 613 (2020) (extraneity omitted).

¶ 15 Respondent-father asserts that petitioner’s evidence and the trial court’s

 findings of fact fail to establish that Margot had been left in a placement outside the

 home pursuant to a court order for at least twelve months at the time petitioner filed

 her petition on 30 October 2019. We agree. The only evidence presented at the hearing

 on this issue was petitioner’s testimony that Margot was six years old at the time of

 the hearing, that Margot had lived with petitioner “since she was [thirteen] days

 old[,]” and that Margot was the subject of “DSS proceedings” which resulted in

 petitioner being granted guardianship of the child after “a hearing.” As respondent-

 father observes, the trial court received “no evidence . . . as to whether Margot was
 IN RE M.R.F.

 2021-NCSC-111

 Opinion of the Court

 living with the petitioner pursuant to a court order prior to the entry of the

 guardianship order and no evidence . . . as to when the guardianship order was

 entered.” The record is silent on the question of when Margot’s “placement outside

 the home pursuant to a court order” commenced. See In re K.H., 375 N.C. at 613

 (emphasis added).

¶ 16 Respondent-father specifically challenges, for lack of evidence in the record,

 the following finding of fact entered by the trial court: “That since the child’s birth

 Petitioner has had custody of the minor child by custody placement through

 Transylvania County D.S.S.” We agree with respondent-father that there is no

 evidence to support this finding with regard to the date of Margot’s “custody

 placement through Transylvania County D.S.S.” Moreover, this finding makes no

 reference to a court order or to a date on which such a court order was entered.

¶ 17 We hold that the evidence and the trial court’s findings of fact fail to establish

 an essential fact required for an adjudication under N.C.G.S. § 7B-1111(a)(2); namely,

 that Margot had been in a court-ordered placement outside the home for at least

 twelve months at the time the petition to terminate respondent-father’s parental

 rights was filed. Therefore, the trial court’s adjudication of this ground “cannot be

 sustained.” In re K.H., 375 N.C. at 613 (quoting In re J.G.B., 177 N.C. App. 375, 383

 (2006)).

¶ 18 Respondent-father also submits additional bases for disputing the trial court’s
 IN RE M.R.F.

 2021-NCSC-111

 Opinion of the Court

 adjudication under N.C.G.S. § 7B-1111(a)(2). Citing his confinement in federal prison,

 respondent-father claims that the evidence does not support the trial court’s findings

 that he “willfully” left Margot in petitioner’s care for more than twelve months and

 that he “at all relevant times . . . had the ability to be involved in [Margot’s] care and

 upbringing” but “willfully failed to do so.” Respondent-father also submits that the

 trial court heard no evidence and made no findings regarding the “conditions which

 led to the removal of [Margot]” from respondent-father’s care or the reasonableness

 of his “progress under the circumstances” in correcting those conditions. See N.C.G.S.

 § 7B-1111(a)(2).

¶ 19 We do not need to address these issues. Cf. In re T.N.H., 372 N.C. 403, 407

 (2019) (“[W]e review only those findings necessary to support the trial court’s

 determination that grounds existed to terminate respondent’s parental rights.”). For

 purposes of our review, we have determined that petitioner failed to show that Margot

 resided in a placement outside the home pursuant to a court order for at least twelve

 months at the time the petition in this case was filed. See In re K.H., 375 N.C. at 616

 (reversing order adjudicating grounds for termination under N.C.G.S. § 7B-

 1111(a)(2)); accord In re A.C.F., 176 N.C. App. 520, 529 (2006).

 C. Adjudication under N.C.G.S. § 7B-1111(a)(4)

¶ 20 Respondent-father next claims that the trial court erred by terminating his

 parental rights pursuant to N.C.G.S. § 7B-1111(a)(4), which allows for termination
 IN RE M.R.F.

 2021-NCSC-111

 Opinion of the Court

 when

 [o]ne parent has been awarded custody of the juvenile by
 judicial decree or has custody by agreement of the parents,
 and the other parent whose parental rights are sought to
 be terminated has for a period of one year or more next
 preceding the filing of the petition or motion willfully failed
 without justification to pay for the care, support, and
 education of the juvenile, as required by the decree or
 custody agreement.

 N.C.G.S. § 7B-1111(a)(4). As petitioner is Margot’s grandmother and hence not

 Margot’s parent, respondent-father argues that this statutory provision is

 “inapplicable to the instant case.” He further posits that “[t]here was no evidence

 presented or findings of fact made regarding the existence of an order requiring [him]

 to pay child support.” Finally, respondent-father contends that the evidence does not

 support the trial court’s findings that respondent-father had the ability to pay child

 support “at all relevant times” and that he willfully failed to do so. In response,

 petitioner merely offers a conclusory statement, with no elaboration, that respondent-

 father’s “parental rights could be terminated under N.C.G.S. § 7B-1111([a])(4) as

 there was substantial competent evidence to support such a finding.” Petitioner’s

 stance on this issue is without merit.

¶ 21 Petitioner testified at the termination of parental rights hearing that she is

 Margot’s maternal grandmother and not Margot’s parent. Petitioner represented that

 she had been granted guardianship of Margot and that the mother has no meaningful

 relationship with the child. There is no evidence in the record that the mother was
 IN RE M.R.F.

 2021-NCSC-111

 Opinion of the Court

 “awarded custody of the juvenile by judicial decree or has custody by agreement of

 the parents” or that respondent-father was “required by the decree or custody

 agreement” to pay for Margot’s “care, support, and education,” as required for an

 adjudication under N.C.G.S. § 7B-1111(a)(4). Consistent with this dearth of any

 custodial determination is the lack of any findings by the trial court on such matters.

 “Accordingly, we hold the trial court erred in concluding this ground existed to

 terminate respondent[-father]’s parental rights.” In re D.T.L., 219 N.C. App. 219, 221

 (2012).

 D. Adjudication under N.C.G.S. § 7B-1111(a)(5)

¶ 22 Respondent-father also contends that petitioner’s evidence and the trial court’s

 findings of fact do not support the trial court’s adjudication under N.C.G.S. § 7B-

 1111(a)(5). This provision authorizes the termination of parental rights when

 [t]he father of a juvenile born out of wedlock has not, prior
 to the filing of a petition or motion to terminate parental
 rights, done any of the following:

 a. Filed an affidavit of paternity in a central registry
 maintained by the Department of Health and Human
 Services. The petitioner or movant shall inquire of the
 Department of Health and Human Services as to
 whether such an affidavit has been so filed and the
 Department’s certified reply shall be submitted to and
 considered by the court.

 b. Legitimated the juvenile pursuant to provisions of
 G.S. 49-10, G.S. 49-12.1, or filed a petition for this
 specific purpose.

 c. Legitimated the juvenile by marriage to the mother
 IN RE M.R.F.

 2021-NCSC-111

 Opinion of the Court

 of the juvenile.

 d. Provided substantial financial support or consistent
 care with respect to the juvenile and mother.

 e. Established paternity through G.S. 49-14, 110-132,
 130A-101, 130A-118, or other judicial proceeding.

 N.C.G.S. § 7B-1111(a)(5). To support a determination that the ground for termination

 of parental rights as provided in N.C.G.S. § 7B-1111(a)(5) exists, the trial court must

 make findings of fact indicating that the petitioner has met her burden of proving

 that the juvenile was born out-of-wedlock and that the putative father has failed to

 take any of the actions enumerated in the subsections of N.C.G.S. § 7B-

 1111(a)(5). See, e.g., In re L.S., 262 N.C. App. 565, 568 (2018).

¶ 23 Neither the record nor the trial court’s findings of fact demonstrate any basis

 for terminating respondent-father’s parental rights pursuant to N.C.G.S. § 7B-

 1111(a)(5). There is no evidence or finding that Margot was born out of wedlock. See

 N.C.G.S. § 7B-1111(a)(5); In re L.S., 262 N.C. App. at 568. Respondent-father is

 identified as Margot’s father on her birth certificate, and the child bears his surname.

 Furthermore, petitioner

 adduced no evidence to support a finding . . . that, at the
 time its petition was filed on [30 October 2019],
 Respondent-Father had not filed an affidavit of paternity
 in a central registry maintained by the Department of
 Health and Human Services; legitimated or filed a petition
 to legitimate the children pursuant to N.C.[G.S.] §§ 49-10,
 -12.1; legitimated the children by marriage to the mother;
 or established paternity through a judicial proceeding.
 IN RE M.R.F.

 2021-NCSC-111

 Opinion of the Court

 Id. at 568–69. “We hold, therefore, that petitioner failed to meet its burden of proof

 and the trial court committed prejudicial error in concluding grounds existed for

 terminating respondent[-father]’s parental rights.” In re I.S., 170 N.C. App. at 88.

 E. Additional Grounds for Termination

¶ 24 In her brief to this Court, petitioner asserts that “[t]he action and/or inactions

 of the parents appear to constitute neglect of the child.” See N.C.G.S. § 7B-1111(a)(1)

 (authorizing termination of parental rights when “[t]he parent has abused or

 neglected the juvenile”). “It would also appear,” petitioner contends, “that grounds

 exist under N.C.G.S. § 7B-1111([a])(7) as to abandonment of the child.” However, the

 trial court’s order makes no reference to respondent-father’s neglect or abandonment

 of Margot or to the statutory provisions found in N.C.G.S. § 7B-1111(a)(1) and (7).

 Since the trial court did not address either of these grounds in its order and since

 petitioner did not allege these grounds at the trial court level, this Court is not

 empowered to evaluate the existence of the grounds of neglect or willful abandonment

 here in the first instance.

¶ 25 To the extent that petitioner proffers N.C.G.S. § 7B-1111(a)(1) or (7) as

 alternative bases for upholding the trial court’s termination of respondent-father’s

 parental rights, her argument is not properly before this Court. In her petition filed

 on 30 October 2019, petitioner did not raise neglect or willful abandonment as

 grounds for terminating respondent-father’s rights. See generally In re B.L.H., 190
 IN RE M.R.F.

 2021-NCSC-111

 Opinion of the Court

 N.C. App. 142, 147 (“[W]here a respondent lacks notice of a possible ground for

 termination, it is error for the trial court to conclude such a ground exists.”), aff’d per

 curiam, 362 N.C. 674 (2008). Nor did petitioner ask the trial court to adjudicate either

 of these statutory grounds for termination at the hearing on 14 October 2020 or obtain

 a ruling from the court as to either ground. See N.C. R. App. P. 10(a)(1), (c).

 III. Conclusion

¶ 26 The trial court failed to state, in oral or written form, the standard of proof

 which it utilized in rendering its adjudicatory findings of fact. However, the evidence

 in the record of this case is insufficient to support findings which are necessary to

 establish any of the statutory grounds for termination which were alleged by

 petitioner and found by the trial court. Accordingly, there is not a sufficient

 foundation upon which the trial court could expressly announce the proper

 application of the standard of proof upon remand to it by this Court. Therefore, the

 trial court’s order as to the termination of respondent-father’s parental rights is

 reversed.

 REVERSED.